IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

FILED
March 7, 2006

CLERK, U.S. DISTRICT COURT

| | | |
|---|---|---|
| RICHARD JOHN FLORANCE, JR., individually and as next friend to AMANDA FLORANCE, a minor, | § § § § | |
| Plaintiff, | § § | Civil Action No. 3:06-cv-121-R |
| vs. | § § | |
| BRENDA TAYLOR, individually, | § § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Now before the Court is Defendant, Brenda Taylor's Motion to Remand (filed January 23, 2006). In that motion, Taylor requests that the Court remand the case to state court; award her attorney's fees incurred as a result of the removal; and impose Rule 11 sanctions on Plaintiff, Richard Florance. For the reasons stated below, the Court **GRANTS** the motion to remand and motion for attorney's fees, but **DENIES** the motion for Rule 11 Sanctions.

### I. BACKGROUND

This case was originally filed on June 13, 2005 by Plaintiff, Richard Florance, in the Collin County Court at Law No. 1. In that suit, Florance sought mandamus relief and a declaratory judgment to challenge the Plano Municipal Court's jurisdiction over his daughter's class C misdemeanor citation for being a minor in possession of alcohol. While the case was pending, Florance removed the case to the Sherman Division of the U.S. District Court for the Eastern District of Texas. A United States Magistrate Judge promptly remanded the case back to the Collin County court, which ultimately dismissed the lawsuit.

1

Undaunted, Florance appealed the dismissal to the Dallas Court of Appeals. While his appeal was pending, the court of appeals ordered Florance to pay $129 for preparation of the clerk's record. Florance begrudgingly paid the fee but, in retaliation, filed a document entitled "Florence's First Notice of Lien" against all real and personal property owned by Brenda Taylor, the Collin County Clerk. Taylor's counsel immediately demanded that Florence withdraw the filing, but he did not comply. Taylor then moved for judicial review of the purported lien, injunctive relief, and sanctions. The hearing on Taylor's motion was scheduled for February 9, 2006.

For reasons beyond the Court's comprehension, Plaintiff removed the case to the U.S. District Court for the Northern District of Texas on January 18, 2006, even though Collin County is located in the U.S. District Court for the Eastern District of Texas. Taylor has now moved to remand the case back to state court and has requested that the Court enter an award of costs and attorneys' fees associated with challenging the removal. In addition, Taylor asks the Court to sanction Florance under Rule 11 of the Federal Rules of Civil Procedure.

## II. ANALYSIS

The Court will first address whether remand is appropriate before proceeding to Taylor's request for attorney's fees and motion for sanctions.

### A. Removal & Remand

Federal law permits the removal of state court actions to federal court. *See* 28 U.S.C. §§1441-1446. While the removal statutes permit defendants to remove actions brought against them in state court, *see* 28 U.S.C. §§1441, 1446(a), no statute gives plaintiffs the authority to remove cases to federal court. For that reason, it is well settled that defendants are the only parties that may exercise the power of removal. *See Chicago, R.I. & P.R. Co. v. Stude*, 346 U.S. 574, 580 (1954).

2

A plaintiff in state court cannot remove the case to federal court, regardless of whether the federal court would have had subject matter jurisdiction if the case had been initially filed in federal court. *See Andrews v. Spicer*, 2004 WL 2826396 *1 (N.D.Tex. 2004) ("The removal statute does not give plaintiffs the power to remove cases to federal court and the Court will not ignore the will of Congress and create such a right."); *Horton v. Nacogdoches Indep. School Dist.*, 81 F.Supp.2d 707, 710 (E.D.Tex.2000) ("While it is a plaintiff's prerogative to choose the initial forum for his suit, once he files in state court there is no valid authority providing plaintiffs the power of removal to federal court.").

Richard Florance is the plaintiff in this case. As plaintiff, he had no right to remove his case to federal court. Accordingly, the Court will grant Taylor's request for remand.

**B. Costs and Attorney's Fees under 28 U.S.C. §1447(c)**

When granting a motion for remand, a district court may order the removing party to pay the opposing party its "just costs and any actual expenses, including attorney's fees, incurred as a result of the removal." 28 U.S.C. §1447(c). An award of attorney's fees under §1447(c) is entirely within the district court's discretion. *See Valdes v. Wal-Mart Stores, Inc.*, 199 F.3d 290, 292 (5th Cir. 2000); *Miranti v. Lee*, 3 F.3d 925, 928 (5th Cir. 1993). As the Fifth Circuit has noted, the commentary to §1447(c) states that the central question in determining whether to impose fees on remand to state court is the propriety of the removal. *See Miranti*, 3 F.3d at 928 (citing David D. Siegel, Commentary on 1988 Revision of 28 U.S.C.A. §1447 (West Supp. 1993)). In other words, "the court should consider whether the defendant had objectively reasonable grounds to believe the removal was legally proper." *Dimitrijevic v. TV & C GP Holding Inc.*, 2005 WL 2656256 *2 (S.D.Tex. 2005) (citing *Valdes*, 199 F.3d at 292).

The Court has already determined that Florance's removal was improper since a plaintiff cannot remove a case to federal court.[1] More significantly, Florance already knew from his prior attempt at removal that he could not remove the case and that, even if he could, Collin County was within the Eastern District of Texas, not the Northern District. Based on the record of this case, the Court believes that Florance's attempt to remove the case to this Court was clearly improper and unjustified. Therefore, the Court will exercise its discretionary power to award Taylor her costs and attorney's fees pursuant to §1447(c).

Pursuant to §1447(c), the Court finds that Taylor is entitled to recover from Plaintiff her just costs and any actual expenses, including attorney's fees, limited to the "fees and costs incurred in federal court that would not have been incurred had the case remained in state court." *See Avitts v. Amoco Prod. Co.*, 111 F.3d 30, 32 (5th Cir. 1997). Taylor may apply to the court for such an award no later than 30 days from the date of this opinion. The application for costs and attorney's fees should be supported by citations to relevant authorities, affidavits, and billing records.

**C. Rule 11 Sanctions**

Taylor's motion for remand also requests that the Court sanction Florance under Rule 11 of the Federal Rules of Civil Procedure for removing the case in a frivolous and vexatious manner. Rule 11 states that a party or attorney's signature on a document filed with the court certifies that: (1) he or she has conducted a reasonable inquiry into the facts that support the document; (2) he or

---

[1] As further proof of the impropriety of Florance's removal, the commentary to §1447 does not even contemplate that a plaintiff may remove a case. The commentary on the 1988 revision, which was cited in *Miranti*, states:

> [S]ubdivision (c) now authorizes the court to add 'actual expenses, including attorney fees', should it find that it was improper for the *defendant* to remove the case. The matter is left to the court's discretion, to be exercised based on the nature of the removal and the nature of the remand.

David D. Siegel, Commentary on 1988 Revision of Sec. 1447(c), in 28 U.S.C.A. §1447 (West 2005) (emphasis added).

4

she has conducted a reasonable inquiry into the law such that the document embodies existing legal principles or a good faith argument for the extension, modification, or reversal of existing law; and (3) the argument is not interposed for the purposes of delay, harassment, or increasing the cost of litigation. *See Childs v. State Farm Mutual Automobile Insurance Co.*, 29 F.3d 1018, 1024 (5th Cir. 1994).

The facts indicate that Florance's removal had no basis in law and was filed in bad faith and for purposes of delay. After his first failed attempt to remove the case, Florance knew that he could not remove the case. He also knew that even if he could, the case should have been removed to the U.S. District Court for the Eastern District of Texas, not the Northern District of Texas. Florance had already been warned by opposing counsel that Taylor would seek sanctions against him for any costs and fees incurred in attempting to strike his First Notice of Lien if he did not withdraw it (which he did not).

Although Taylor's conduct is clearly sanctionable, the Court denies Taylor's request for sanctions because she has failed to abide by the safe harbor provision of Rule 11. The safe harbor provision mandates that a motion for sanctions "shall not be filed with or presented to the court unless, within 21 days after service of the motion... the challenged paper, claim, defense, contention, allegation, or denial is not withdrawn or appropriately corrected." FED. R. CIV. P. 11(c)(1)(A). From a purely temporal perspective, Taylor did not comply with the "safe harbor" requirement. Her letter to Florance was sent on January 20, 2006, and her motion for sanctions was filed only three days later as part of her motion for remand. Because Taylor's motion for sanctions was not made in accordance with Rule 11, the motion must be denied. *See Tompkins v. Cyr*, 995 F.Supp. 689, 693 (N.D.Tex. 1998); *Park Nat. Bank of Houston v. Kaminetzky*, 976 F.Supp. 571, 588 (S.D.Tex. 1996).

### III. CONCLUSION

The Court **GRANTS** Defendant's motion to remand. Therefore, this matter is hereby **REMANDED** to the Collin County Court at Law No. 1. Defendant's motion for costs and attorney's fees is **GRANTED**, but Defendant's Motion for Rule 11 Sanctions is **DENIED**.


**It is so ORDERED.**

**SIGNED: March7, 2006**

*Jerry Buchmeyer*

_____
**JUDGE JERRY BUCHMEYER
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS**